## The People v. George Mott.

*Fraudulent procurement of signature to written instrument: Statute construed.* The clause of the statute (*Comp. L. 1871, § 7590*) relating to the deceptive obtainment of one's signature to a written instrument, is not subject to the objection that it is of no legal force or efficacy because it does not contain the word "false," nor any other term or expression of equivalent import, in the description of the facts to constitute the offense; the first branch of the section which specifies the intent and falsity of the fraud applies to and characterizes the second branch thereof.

*Fraudulent procurement of signature to written instrument: Forgery.* It is not essential to the statutory offense of fraudulently obtaining one's signature to a written instrument that the facts should be sufficient to make out a forgery; the statute refers to forgery only to distinguish the kind of instruments which are the subjects of the offense, *i. e.*, such as if forged would support a charge of forgery.

PEOPLE v. MOTT.

*Informations: Variance: Description: Amendments.* Where it is claimed on the introduction of the note in evidence, the signature to which is alleged to have been fraudulently obtained, that there is a variance between the note and the description of it in the information, in that the words "North Branch" appended to the date were omitted in the pleading, it is competent to allow an amendment to meet the objection.

*Submitted on briefs April 12. Decided April 20.*

Exceptions from Lapeer Circuit.

*C. P. Thomas* and *Gaskill & Geer,* for the respondent.

*Andrew J. Smith, Attorney General,* for the People.

GRAVES, J:

This is a case on exceptions after verdict and before judgment.

The defendant was charged with having obtained the promissory note of one Robert Smith on the false pretense that he, defendant, had received a letter from Mr. Baldwin requiring Smith to pay thirty dollars' for legal services of Mr. Baldwin for Smith in a case where defendant was Smith's junior counsel. There was the further charge that the note was obtained for sixty dollars by the false pretense that it called for only thirty dollars. The information was based on § *7590, C. L.*

The defendant objects that the second branch of the section, which relates to the deceptive obtainment of one's signature to a written instrument, is of no legal force or efficacy, because it omits the word "false" in the description of the facts to constitute the offense, and contains no term or expression of an equivalent nature.

The objection has no merit whatever. Even the reason assumed is not true.

The first branch of the section, which specifies the intent and falsity of the fraud, applies to and characterizes the second branch.

Complaint is also made that the information charged no offense because its facts showed that defendant had done

34 MICH.—11.

nothing to make him liable as for forgery.    This point is without force.    The statute does not confound the obtainment of a person's signature to a written instrument by false pretenses with the offense of forgery.    It refers to that offense to distinguish the instruments in regard to which the offense in question may be committed.    The instrument to which one's signature may be fraudulently obtained within the sense of this statute must be one of that kind upon which, if forged, a charge of forgery could be maintained. Certainly the instrument alleged to have been deceptively obtained here belongs to a class in respect to which the charge of forgery could be lawfully brought.

It is further objected that the note given in evidence varied from the description in the information.    The note itself contained after its date the further words "North Branch," but in setting it out these words were omitted in two out of three places where it was copied in the information, and the court allowed the words to be inserted by amendment.    In this there was no error.—§ *7926, C. L.* Whether there was strictly any occasion for an amendment, it is needless to consider.    This disposes of everything worth noticing, and we see no ground whatever for disturbing the conviction, and it should be certified to the court below that the exceptions are overruled, and that judgment ought to be awarded on the verdict.

The other Justices concurred.