## No. 695.

### THE STATE vs. TOD JOHNSON.

A question put to a witness in a criminal proceeding which suggests the answer, is not the less leading because propounded in the alternative.

A verdict of guilty on the offense charged, when a different offense only has been proved, should be set aside by the court *a qua*.

If the description of stolen property, in an indictment, is too general, it may, by permission of the court, be amended.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *McVea*, J. Trial by jury.

*J. H. Lamon*, District Attorney, for the State.

*W. F. Kernan*, for defendant and appellant.

The opinion of the court was delivered by

EGAN, J. The defendant was tried, convicted, and sentenced to fifteen

State vs. Johnson.

months imprisonment at hard labor in the penitentiary, upon the charge of larceny of "an animal of the cow kind." After an ineffectual motion for new trial, and an equally ineffectual motion in arrest of judgment he has appealed.

The first ground of error assigned is that the court permitted the district attorney to ask one Guy, his own witness, and not shown to be hostile to him or the prosecution, or reluctant to give evidence, the leading question, "did or did not accused acknowledge to you that he had marked the calf?" the said question being leading and suggestive of the answer. We think this was error, and the fact that the question was put in the alternative form does not remove the objection. Such form of question was not allowable at common law; nor here, under the statute which adopts the common-law rules of evidence in criminal proceedings. 1 Greenleaf, 5434 Phillip's Ev. vol. 2, p. 888; same page, 888, n. 572.

The propriety of this rule is the more manifest because the question asked appears from the record to have elicited the principal, if not the only, evidence on which the accused was convicted, and that, too, in the shape of admissions made to a witness under such circumstances that the fact could not be contradicted.

The second ground of error assigned is that the court erred in refusing a new trial, because the only offense proved against the accused was that of "marking a calf," which does not constitute larceny.

That such is the law is beyond question, and a bill of exceptions in the record makes it almost certain that altering the mark of a calf, the property of another, which is of itself a substantive and distinct offense, was the extent of that proved against the accused. But whether so or not, that fact was elicited improperly, as we have seen, under the first head, and we must suppose that it materially influenced, if it did not altogether induce, the verdict of the jury.

The third ground of error is that the information is bad, for not specifying the particular animal of the cow kind charged to have been stolen. It is certainly very loose pleading to charge simply the larceny of an animal of the cow kind, and is too uncertain to be encouraged. This was, however, one of those things which, under section 1047 of the Revised Statutes, the court might have permitted to be amended, it being, in the language of the statute, "the name or description of a thing named or described" in the information. While, however, we are not disposed to encourage so loose pleadings, we are not prepared to arrest the judgment for a matter which might have been, and may yet, under leave of the court, be amended under the view we have taken of the case otherwise. It may be as well, however, to remark, that this information is loosely drawn, and we recommend, in the public interest, more careful pleadings in such matters in future.

For the reasons assigned, it is ordered, adjudged, and decreed that the verdict and sentence appealed from be annulled, avoided, and set aside, and that this case be and it is hereby remanded to the court below, to be proceeded with according to law and the principles herein announced.