No. 1083.

### THE STATE OF LOUISIANA VS. DAN SULLIVAN.

An indictment for forgery containing the purport or tenor of the instrument said to have been forged, and setting forth the words of such instrument, can be legally amended during the trial, by substituting the word *oblige* to the word *charge* at the conclusion thereof.

The variance was not material and could not prejudice the defense.

The correction was trivial and left the sound and sense substantially the same.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*F. G. Hudson*, District Attorney, for the State, Appellee.

*W. F. Millsaps* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, J. The defendant was indicted for forgery, tried and convicted. From the verdict and judgment sentencing him to two years at hard labor, he appeals to this Court.

The record contains one bill of exception only. It was taken to the ruling of the District Judge, permitting the State's attorney to correct the indictment so as to make it conform with the proof. The correct-

State vs. Sullivan.

tion consisted in substituting the word "*oblige*" to the word "*charge*," contained in the indictment.

Section 1047, Revised Statutes, is to the effect that, whenever on the trial of any indictment for any crime or misdemeanor there shall appear to be a variance between the statement in the indictment and the evidence offered in proof thereof, * * in the name or description of any matter or *thing* whatsoever therein named or described, * * it shall be lawful for the Court, * * if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense, to order such indictment to be amended according to the proof, etc.

Section 1049, R. S., is to the further effect that, in any indictment for forging * * any instrument, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known or by the purport thereof, without setting out any copy or *fac-simile* thereof, or otherwise describing the same, or the value thereof.

The indictment in this case describes the instrument charged to have been forged as a "certain order for money," and terminates with its concluding words : "*and charge Bell Teen.*"

The tenor of the order having been set out in the indictment, an insignificant variance between the charge and the proof could well be corrected, so as to have the former to conform with the latter. The variance was not material. The correction was trifling. It was merely literal, and left the sound and sense substantially the same.

In the exercise of the discretion formally vested in him by the special legislation stated, the District Judge thus viewed the variance, and considering that the accused could not thereby be prejudiced in his his defense, he permitted the amendment.

The defendant did not plead surprise or probable injury at the time the amendment was made; neither did he do so in his motion for a new trial, which merely charges, "that the verdict is contrary to the law and to the evidence." He has not undertaken in this Court to show how the variance was material and how the defendant was prejudiced by the amendment.

The authorities invoked in his behalf would be entitled to weight had not the amendment been made, but they can receive no application, as the error, trivial after all, was rectified in his presence during the trial.

The District Judge did not err in directing the amendment. Waterman U. S. Cr. Dig., pp. 213, 214, Secs. 198, 207 ; 100 Mass. 12, Commonwealth vs. Butterick.

Judgment affirmed.