THE PEOPLE v. JOSEPH HILDEBRAND.

*Criminal law—Information for larceny—Preliminary examination—Warrant—Amendment.*

After the examination of a respondent on a charge of larceny, a variance between the complaint and warrant in stating the name of the owner of the property, he being described as Allen *Bricker* in the complaint, and as Allen *Brinker* in the warrant, is properly corrected by the justice by amending the warrant to correspond with the complaint and the testimony given on the examination; and, if such amendment is not made, the circuit court may make it under How. Stat. § 9537.

Error to Clinton. (Smith, J.) Argued June 27, 1888. Decided July 11, 1888.

Respondent was convicted of larceny. Judgment affirmed. The facts are stated in the opinion.

*Auten & Moss,* for respondent.

*Moses Taggart,* Attorney General, and *Charles M. Merrill,* Prosecuting Attorney, for the people.

CHAMPLIN, J. Complaint was made against Hildebrand before a justice of the peace, charging him with the larceny of an overcoat of the value of $30, the goods and chattels of Allen Bricker, and in his possession. The justice issued a warrant, in which he recited that Allen Brinker had made the complaint, and following the language of the complaint in other respects, except that the property was charged to be the property and in the possession of Allen Brinker.

The respondent was arrested and brought before the magistrate, where, by his counsel, he made a motion to quash the warrant, for the reason that the complaint was

sworn to by Allen Bricker, whereas the warrant charged complainant as Allen Brinker, which was overruled, and an examination was had; and before holding the respondent for trial in the circuit court the justice amended the warrant by substituting the name " Bricker " for " Brinker," and then returned and filed the papers in the circuit court. The prosecuting attorney thereupon filed an information charging the respondent with the larceny of the overcoat belonging to one Allen Bricker.

The respondent, by H. F. Auten, moved to quash the information, for the following reasons:

1. The defendant has never been examined, nor waived an examination, upon the warrant upon which he was bound over to the circuit court.

2. The defendant was never arrested upon the warrant upon which he was bound over for trial.

3. The justice had no authority to amend the warrant as set out in his return.

Other objections were stated, but are not important. The circuit judge overruled the motion, and such ruling is relied on here for a reversal of the judgment.

We think that the ruling of the circuit judge was right. The amendment made by the justice was one which the circuit court would have been authorized to make in the circuit had no amendment been made before the information was filed. How. Stat. § 9537.

The examination was had upon the same charge as that for which he was held to bail, viz., for the larceny of a coat from the possession of Allen Bricker, and belonging to him; and the warrant was amended to correspond with the complaint and the testimony given upon the examination.

Judgment affirmed.

The other Justices concurred.