CITY OF DETROIT *v.* MACIER.

1. NAMES—IDEM SONANS.
    The names "Ellen Macier" and "Ellen Marcier" are *idem sonans.*

2. SAME—TAXATION—ASSESSMENT.
    Where one's name is misspelled on a tax roll, and a name *idem sonans* employed, it will be presumed that he was the one intended to be assessed.

Error to Wayne; Carpenter, J. Submitted April 19, 1898. Decided May 17, 1898.

Debt by the city of Detroit against Ellen Macier to recover a tax. From a judgment for plaintiff, defendant brings error. Affirmed.

*Gray & Gray,* for appellant.

*Eli R. Sutton* ( *C. ,D. Joslyn,* of counsel), for appellee.

MONTGOMERY, J. This action is brought to recover a tax assessed in the year 1894 against Ellen Marcier. The defendant contested the case on two grounds: *First,* that she was not a resident of Detroit at the time of the assessment; and, *second,* that the assessment against Ellen Marcier cannot be held as an assessment against the defendant. The first question was determined in favor of the city by the jury. At the trial the circuit judge charged that the error in naming the defendant on the tax roll was not fatal. On a motion for a new trial the circuit judge held, in effect, that the assessment could only be sustained if the name in which the assessment was made was in law the name of the defendant, and also held that, under the rule of *idem sonans,* the names were identical. We think the holding of the court is supported by

the following authorities: *Boyce* v. *Danz*, 29 Mich. 146; *People* v. *Gosch*, 82 Mich. 22; *People* v. *Hildebrand*, 71 Mich. 313.

It is urged that the court erred in not directing a verdict for the defendant, for the reason that there is no proof that the defendant was the person intended by the assessing officer. The answer to this is that, if the name used is in law the name of the defendant, the presumption is that she was the person intended.

We have considered the other questions raised, but we think no error was committed to the prejudice of defendant. Judgment will be affirmed.

The other Justices concurred.