**ROBERTS v STATE**

Ohio Appeals, 2nd Dist, Franklin Co

No 2213.  Decided Nov 9, 1932

Horace S. Kerr, Columbus, and John E. Sater, Columbus, for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, Ralph J. Bartlett, Columbus, and Forest R. Detrick, Ass't Prosecuting Attorney, Worthington, for defendant in error.

BY THE COURT

We will consider a number of the more material questions presented on the record. The weight of the evidence is challenged in the petition in error but it is not urged nor stressed in the brief of counsel for plaintiff in error. This is proper acknowledgment of the fact that there was such conflict in the testimony as to permit of the verdict which the jury returned, if the indictment upon which plaintiff in error was required to go to trial charged an offense at law and plaintiff in error was accorded due process of law at his trial. We will say at the outset that, had we sat as a jury in this cause, it is doubtful, because of the uncertainty of the testimony of the prosecuting witnesses and the aspersions on the character of Greenberg, if we should have accepted the evidence of the State as being sufficient to establish the guilt of plaintiff in error beyond a reasonable doubt.

It is urged by plaintiff in error that the changes permitted by the trial court in the indictment did not constitute an amendment thereto under the provisions of the statute, §13437-29 GC but that it changed the identity of the crime charged, that as changed it denied plaintiff in error his constitutional right to have the indictment presented by a Grand Jury, and further, that the change made was not an amendment as contemplated by statute or constitution because it was embodied in a separate instrument, presented in the form of another or new indictment, whereas the changes or amendment should have been made upon the face of the original indictment. Many authorities are cited, pro and con, on the latter proposition. The section §13437-29 GC provides:

"The Court may, at any time, before, during, or after the trial, amend the indictment, information or bill of particulars in respect to any defect, imperfection, or omission in form or substance or of any

variance with the evidence provided no change is made in the name or identity of the crime charged."

We are of opinion that the new matter set forth in the amended indictment did not change the identity of the crime charged nor result in prejudice to the accused. The original indictment apprised plaintiff in error of the charge upon which he would be required to go to trial, namely, that while acting in the capacity of a Deputy Clerk under appointment of the Probate Judge, he solicited and accepted a bribe to influence him to favorable action respecting a purchase pending before him concerning which he had certain powers of determination. It follows, then, that the new matter set up in the amended indictment resulted in nothing more than an amended indictment, although it was not made upon the face of the original indictment. The statute itself, §13437-29 GC, sets forth no requirement that the amendment shall be made on the face of the indictment and it would seem that, upon consideration of this section alone, its intent would be observed by that which was done by way of modification to the original, resulting in nothing more than an amendment thereto. It is obvious that considerable change might properly be made in an indictment which it would be impracticable to carry on to the face of the original but which would amount only to amendment. Common procedure is for the court to set forth, by way of journal entry, that which it has permitted or ordered to be set forth by way of amendment to the original indictment.

We have examined **Leasure v State**, 19 **Oh St, 43**, which involved an interpretation of what was then known as §112 of the Code of Criminal Procedure and a well known statute in this State. It was there held that the statute was constitutional. The section itself has always provided how the change in name shall be incorporated in the indictment, namely, by an entry of the true name upon the minutes of the court whereupon the cause shall proceed against the defendant in his proper name. This is in contra distinction to the statute which we are now considering wherein there is no provision as to the method or manner of making the amendment to the indictment.

We have also examined the cases of Commonwealth v Snow, 169 NE, 542, and the annotations in connection therewith in 68 A.L.R., 920; State v Foxton, an Iowa case,

147 NW, 347; 52 L.R.A. (N.S.) 919; State v Mullen, 151 Iowa, 392, and the other cases and annotations cited by counsel for plaintiff in error, and find that most of the amendments made in these cases were accomplished by changes on the face of the original indictment. We do not believe that because this had been the general practice that it is determinative that it is mandatory and that unless it was done in such manner it would be invalid.

In some of these cases, notably, State v Mullen, supra, it does not definitely appear how the amendment was made although it is extended and probably was not on the face of the original indictment.

It is claimed further that the indictment does not charge an offense against plaintiff in error in that it sets out the offer and acceptance of a bribe with intent to influence the action, opinion and judgment of the said Matt E. Roberts in the purchase of said clothing and while said decision of purchasing such clothing was a matter pending before said Matt E. Roberts as such agent and employe of the Probate Judge, as aforesaid. It is urged that the action contemplated in the awarding of the contracts for clothing was a judicial action that it partook of the attributes of sovereignty and that such power could not be delegated to an agent or deputy of the Probate Judge.

Sec 1962 GC, provides:

"If not otherwise furnished, the Probate Judge shall supply each patient sent to a hospital for the insane with proper clothing which shall be paid for on his certificate and the order of the County Auditor from the County Treasurer."

This section in instances where applicable enjoined upon the Probate Judge the specific obligation of furnishing each patient which he sent to the hospital for the insane with proper clothing. The Probate Judge, of course, could not have a deputy Probate Judge, no more than a Common Pleas Judge could have a deputy Judge. The Probate Judge is ex officio Clerk of his own court and the plaintiff in error was deputy to the Clerk of the Probate Court. He also held the other appointive positions. We feel certain that plaintiff in error as a deputy clerk was an official. His position is defined by statute and he is required to take an oath of office and may be required to give bond. This position and the other places which he held, however, could also come under the broader characterization of employe. Though the Pro-

bate Judge is charged with the ultimate obligation of furnishing the clothing to patients it does not follow that his agent or employe could not under the facts in this case have some authority in determining to whom among those designated by the Probate Judge the contracts for the purchase of the clothing should be let. There were operations and details incident to the furnishing of clothing which the Probate Judge could delegate to another. These operations according to the statement of Judge Bostwick he delegated to plaintiff in error. Though disputed, the jury could have properly found from the evidence that the Probate Judge delegated this limited authority to plaintiff in error. If so, it enabled him to so shape the action taken toward the placing of the contracts for clothing as to be the subject of bribery and the amended indictment sufficiently apprised plaintiff in error of the relation which it was claimed by the State he sustained toward the placing of the contracts.

Undoubtedly it is the intention of the statute that the Probate Judge issue the certificate for payment to those who provided the clothing under the statute, but he having authorized and permitted the certificates to be signed as they were and the plaintiff in error having so signed them and they having to all intents and purposes operated as certificates under the law, we see no reason why in this case the authority of the plaintiff in error to act as he did can be questioned by him.

"An official act does not mean what a deputy might lawfully do in the execution of his office but means whatever was done under color or by virtue of his office."

Meek v Tilghman, 55 Oklahoma, 208, 154 Pac., 1190.

There is a line of decisions to which our attention is directed in the brief of counsel for the State that holds that the principle of estoppel is applicable in criminal actions as in civil suits. We have examined these authorities and find that they support the contention of the State. Thus, plaintiff in error can not be heard to say, if he solicited and accepted money upon ostensible authority to control the purchases of clothing, that he did not possess such authority. 16 O. Jur., 807, 808; 15 O. Jur., 638, 639; State v Pohlmeyer, 59 Oh St, 491; State v Gross, 91 Oh St, 161.

We have considered all the errors urged by plaintiff in error and find none so prejudicial as to require reversal of the judgment of the trial court and it will, therefore, be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.