# THE PEOPLE OF THE STATE OF CALIFORNIA, Respondents, *v.* JOSEPH E. LITTLEFIELD, Appellant.

Under the two hundred and forty-sixth section of our criminal code, an indictment is sufficiently certain as to time, if it appear from it that the offense was committed at some time prior to the finding of the indictment.

So an indictment would be sufficiently certain under the statute, in charging the defendant with feloniously taking three head of cattle, without showing the particular species of cattle taken.

Under the criminal code of this State, words used in an indictment are to be construed according to their common acceptation, except words or phrases specifically defined by law.

In cases of grand larceny it was the intention of the Legislature that the jury should only assess the punishment when they thought that the defendant deserved the punishment of death, and if they do not agree to such a punishment, then they should find a general verdict.

APPEAL from the Court of Sessions of Santa Clara County.

The facts material to the points decided appear in the opinion of the Court.

*Wallace & Ryland, F. S. McKinney* and *F. Hall*, for Appellant, cited Whitesides *v.* The People, 1 Breese, 4. 1 Ch. Crim. Law, 223, 237. The King *v.* Stevens, 5 East., 244. 1 Stew. and Port., 208. 7 Vermont, 219. 1 Stewart, 318. Highland *v.* The People, 1 Scam., 394. Willis *v.* The People, 1 Ib., 401. 2 Russ. on Crimes, 573.

*J. R. McConnell*, Attorney General, for Respondent.

No brief on file.

BRYAN, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The defendant was indicted for the commission of the crime of grand larceny; the indictment setting forth that on or about the twenty-fifth day of April, A. D., 1855, the offense of which he was charged was committed. It was also charged that the offense consisted in feloniously taking and driving away three head of cattle. Our statute regulating proceedings in criminal cases has done away with much of the form and ceremony necessary to make a perfect indictment at common

law.    Under section 246, Compiled Laws, p. 454, an indictment is suffi-
ciently certain as to time if it appear from it that the offense was
committed at some time prior to the time of finding the indictment.
This fact appears from the record.

Under section 247, Compiled Laws, "no indictment shall be deemed
insufficient; nor shall the  trial judgment, or other proceeding thereon,
be affected by reason of any defect, or imperfection in matters of form
which shall not tend to the prejudices of the defendant." It would be
sufficiently certain under the statute, that the indictment should charge
the defendant with feloniously taking three head of cattle without show-
ing the particular species of cattle taken.    The defendant could not be
prejudiced in his cause by language of this character.

· Under the  criminal  code  of this State words used in an indictment
are to be construed according to their common acceptation, except
words or  phrases specifically defined by law.    As to the third point
raised in the record, that the jury in finding a verdict of guilty, under
an indictment for grand larceny, should also assess the punishment.

It would seem from the language of the Act, amendatory of the
Act of 1850, in relation to grand larceny, Compiled Laws, page 64 7,
that it was the intention of the Legislature that the jury should only
assess the punishment, when in the exercise of their discretion they
thought that the defendant deserved the punishment of death.    If they
did not agree to such punishment upon finding the defendant guilty,
then that they should find a general verdict.

Entertaining as we do, these views, the judgment of the Court below
must be affirmed, with costs.