Phillips *v.* The State.

———————

No. 13,348.

Phillips *v.* The State.

CRIMINAL LAW.—*Seduction.*—*Promise of Marriage.*—*Evidence.*—In a prosecution under section 1992, R. S. 1881, for the seduction, under a promise of marriage, of a female minor, it must be shown that the intercourse took place subsequent to the promise of marriage, and that such promise was the inducement to the intercourse. For evidence held sufficient, see opinion.

SAME.—*When Affidavit for Continuance Admissible in Evidence.*—Where a trial is had before the court, without a jury, it is not error to admit in evidence an affidavit for a continuance made and filed at a preceding term by the defendant, and acted upon by the same judge who presides at the trial.

From the Gibson Circuit Court.

*C. A. Buskirk, W. F. Townsend, M. Fleener, E. A. Ely* and *J. W. Wilson,* for appellant.

*F. T. Hord,* Attorney General, *J. E. McCullough, J. H. Miller* and *J. L. Bretz,* for the State.

Howk, J.—In this case, appellant was charged by an indictment, duly found and returned against him by the grand jury of Gibson county, with the offence which is defined, and its punishment prescribed, in and by section 1992, R. S. 1881. Upon his arraignment and plea of not guilty, he was tried by the court without a jury, and a finding was made that he was guilty, as charged in the indictment, and his punishment was assessed at a fine in the sum of five dollars and imprisonment in the State's prison for a period of three years. Over his motion for a new trial, the court rendered judgment against him upon and in accordance with its finding.

The only error, of which appellant complains, is the overruling of his motion for a new trial.

Section 1992, *supra*, which defines the crime of which appellant was convicted, reads as follows: "Any male person who, under promise of marriage, shall have illicit carnal intercourse with any female of good repute for chastity, under the age of twenty-one years, shall be deemed guilty of seduction, and, upon conviction, shall be imprisoned in the State prison not more than five years nor less than one year, and fined not exceeding five hundred dollars, or be imprisoned in the county jail not exceeding six months."

In their brief of this case, appellant's counsel first insist, that the finding of the trial court was not sustained by sufficient evidence and was contrary to law. Of the evidence in the record, counsel say: " True, it shows that Florence O'Neal was under twenty-one years of age ; that she was of good repute for chastity ; that she and the appellant were engaged to be married ; that he held sexual intercourse with her. But (1) it does not show, nor tend to show, that he promised to marry her previously to holding sexual intercourse with her ; (2) it does not show, nor tend to show, that his promise of marriage was the means, or the inducement, by which her consent to the sexual intercourse was obtained."

These are the only points, as to which counsel claim the

evidence was insufficient, and these we will briefly notice in their order.

1. In *Callahan* v. *State*, 63 Ind. 198, it was held by this court, that the evident purpose of the statute above quoted was to make it a penal offence to have illicit intercourse with a female, of the description mentioned, where she is induced to consent thereto, and her consent is obtained, by or through the means of a promise of marriage. In the course of the opinion in the case cited, this court quoted with apparent approval the following definition of the offence: "The offence consists in seducing and having illicit connection with an unmarried female, under promise of marriage. It is enough that a promise is made which is a consideration for or an inducement to the intercourse." *Kenyon* v. *People*, 26 N. Y. 203. It may be premised, that the evidence shows without contradiction, that appellant commenced visiting the female, named in the indictment, some months before she arrived at the age of seventeen years; that he became her accepted suitor in marriage, not long afterwards, and was her only suitor; that he asked for and obtained her father's consent to their marriage; that within three months after she was seventeen years old, he got her with child; and that she gave birth to a still-born child, and the next day, and before she was eighteen years old, she died. His counsel admit, as we have seen, that she was of good repute for chastity; and there was evidence before the trial court that, after he had knowledge that she was with child by him, he said: "He knew she was a good girl,—good enough for him, and too good." But it is claimed that the evidence does not show, nor tend to show, that appellant promised to marry the girl before he had sexual intercourse with her.

This claim of counsel is not sustained by the evidence. Appellant's own statements and admissions, of his relations to and intercourse with the unfortunate girl, were in evidence before the trial court. He asked the witness, who testified as to such statements and admissions, in substance, if you

were to get a woman with child, would you marry her? The witness testified : " I told him I would not; he then said, if you were promised to marry her, would you? I told him then, yes, I would." Fairly construed, appellant's own admissions, which were in evidence, clearly showed that he succeeded in seducing the girl on Easter Sunday, 1885, " and that they were promised to be married before that day." If the trial court believed the witnesses, who gave in evidence the statements and admissions of appellant in regard to his sexual intercourse with Florence O'Neal, this evidence fully justified the finding that he had promised to marry her before he accomplished her seduction.

2. But appellant's counsel also insist that the evidence does not show, nor tend to show, that his promise of marriage was the means or the inducement, by which the girl's consent to the sexual intercourse was obtained. We think otherwise. Appellant stated, according to the evidence, that he believed he never would have obtained the girl's consent to the sexual intercourse, but that he kept teasing her for it, and talking to her about it. At last she told him she did not want to do that way—that he must not talk to her that way any more. There is no evidence in the record of this cause which tends to show that Florence O'Neal yielded to the base solicitations and importunities of the appellant from any mercenary motive, or " through the promptings of her own lascivious and lecherous desires." *Bell* v. *Rinker*, 29 Ind. 267 ; *Johnson* v. *Holliday*, 79 Ind. 151. On the contrary, we are of opinion that the evidence in the record tends to show, and fairly shows, that the seduction and ruin of the unfortunate and confiding girl by the appellant were " procured by the use of insinuating arts, wiles and persuasions, on the part of the seducer, to overcome the seduced, without force." This was seduction within the meaning of our laws, criminal as well as civil.

The trial court was fully justified by the evidence, we think, in finding that the appellant's promise of marriage to the young girl was the only consideration for, or inducement to,

her illicit intercourse with him; and that he had such illicit intercourse with her by, through or under such promise of marriage, and upon no other consideration.

It was also assigned as cause for a new trial, in appellant's motion therefor, that the trial court had erred in admitting in evidence, over his objection and exception, his affidavit made and filed at the preceding January term, 1886, of such court, for the purpose of obtaining a continuance of this cause. The record shows that appellant objected to the admission of his own affidavit in evidence, upon the grounds "that the same was incompetent, irrelevant and immaterial, and did not tend to support any of the issues in this cause." This affidavit was made and submitted to the trial court by the appellant, for the purpose of obtaining, and thereon he did obtain, a continuance of this cause. If the trial of this cause had been submitted to a jury, there might be, perhaps, some room for debate as to the admissibility of the affidavit in evidence; but this point is not before us, and we decide nothing in regard to it. This cause was tried by the court, and the same learned judge, to whose consideration he had voluntarily submitted his affidavit, presided at such trial. Surely he can not claim that it was error for the court, under the facts of this case, to admit such affidavit in evidence, nor can he claim that he was prejudiced or injured by such ruling of the court. For such a ruling, even if it were erroneous, we could not reverse the judgment. Section 1891, R. S. 1881; *Clayton* v. *State,* 100 Ind. 201; *Padgett* v. *State,* 103 Ind. 550; *Trout* v. *State,* 107 Ind. 578.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Dec. 9, 1886.