# Court of Appeals.

*January,* 1887.

## PEOPLE v. JOHNSON.

(Affirming 4 N. Y. Crim. Rep., 591.)

### SEDUCTION.—AMENDMENT OF INDICTMENT.

Upon the trial for seduction under promise of marriage, the indictment may be amended by making the name of the female alleged to have been seduced conform to the proof.

The provisions of the Code of Criminal Procedure (§§ 293-295) allowing the amendment of an indictment, as respects the name of any person, are constitutional.

APPEAL by defendant William B. Johnson, from a judgment of the General Term of the Supreme Court, in the Fourth Department, of 29th November, 1886, affirming a judgment of the Court of Sessions of Jefferson County, of 5th June, 1886, convicting defendant of seduction under promise of marriage.

The facts appear in the opinion.

*Thomas F. Kearns,* for defendant, appellant.

*E. C. Emerson,* district attorney, for the people, respondents.

DANFORTH, J.—The defendant (appellant here) was by indictment accused of having seduced under promise of marriage, and having sexual intercourse with, one Mary Oliphant, at the town of Wilna, she being an unmarried female of previous chaste character.

Upon a plea of not guilty the issue was brought to a trial at a Court of Sessions in the County of Jefferson, when the complainant, being called as the first witness, testified that her name was in fact Mary Olvert. The court thereupon, on the application of the district attorney, and against the objec-

tion and exception of the defendant, made an order which, after reciting that "it appearing upon said trial that the name of the party so alleged to have been seduced is Mary Olvert and not Mary Oliphant," directed the indictment and all the proceedings therein to be so amended as to conform in that respect to the proof, by inserting the name of Mary Olvert in place of Mary Oliphant; and after evidence tending to support the change had been given, the defendant's counsel requested the court to advise the jury to discharge the defendant, upon the ground, among others, that there was a variance between the allegations of the indictment and the proof, "as to the name of the person alleged to have been seduced."

This was refused, and the court gave the case to the jury as one proper for their consideration, and in view of the defendant's claim that the evidence permitted an inference that if any promise of marriage was made, it was not absolute, but conditional: "If the complainant would let him have sexual intercourse with her, that if there was any trouble with her, he would marry her."

The judge charged that "even though the defendant may have accomplished the seduction of this female under a promise to marry her on condition she became pregnant with child, that that comes within the purview of the statute and establishes the crime as well as if the promise and agreement to marry had been absolute and without condition."

To so much of the instructions as related to the force of a conditional promise, the defendant excepted. These two exceptions present the only questions upon which any doubt can be entertained upon this appeal.

First, the indictment alleges an offense against the statute (Penal Code, § 284), with certainty and precision. No ingredient is omitted, and the only objection is that the surname of the party injured is not stated with entire accuracy.

At common law the person charged could require that the name of his accuser as well as the nature of his crime should be set forth with certainty; and a variance would have been

fatal, unless overcome by the rule of *idem sonans*, as it was called, which in such cases was frequently resorted to in courts whose judges were astute to prevent the failure of justice, and whose jurors on such occasions had quick ears for harmony of sounds. In this instance it might be difficult to say that the sound of the woman's name is not affected by the misspelling; but even in England the statute now governs and the court may cure the defect by directing an amendment. 14 and 15 Vict., chap. 100, § 1.

In this State the Legislature has in like manner interposed, and an indictment is sufficient if it contains the title of the action, specifying the name of the court to which it is presented, the names of the parties, and a plain and concise statement of the act constituting the crime. Code Crim. Proc. § 275.

The parties are defined to be the People of the State, as plaintiffs, and the party prosecuted as defendant; *Id.* §§ 6, 7; and the Code provides that when the offense involves the commission of a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured is not material; *Id.* § 281; and covering, as must be conceded, the case before us, declares that when upon the trial of an indictment, a variance between its allegation and the proof, in respect to the name of any person, shall appear, the court may in its judgment—if the defendant cannot be thereby prejudiced in his defense on the merits—direct the indictment to be amended according to the proof; and after such amendment the trial is to proceed in the same manner, and the verdict and judgment have the same effect as if the indictment had originally been framed in its amended form. *Id.* §§ 293-295.

It is contended, however, by the appellant, that this statute, so far as it allows such amendment, is in violation of the constitutional provision that "No person shall be held to answer for a capital or otherwise infamous crime * * * * unless upon presentment or indictment of a grand jury."

We do not perceive that any security thus afforded is taken

away or impaired by the statute, or that it can have any other effect than to promote the ends of justice by rendering of no avail a purely technical objection, without depriving a defendant of any substantial right. The court not only declared the variance immaterial, but the amendment was allowed at the very outset of the trial, and under circumstances which insured to the accused party a full and fair hearing upon the only issue which his plea made material—seduction and sexual intercourse under promise of marriage, with an unmmarried female of previous chaste character. Penal Code, § 284.

The woman's name was not essential in the description of the offense. It would have been enough, even under the former system of criminal procedure, to describe as one whose name was to the jurors unknown; and the Legislature did not exceed its power when it provided that if the proof showed the name to have been erroneously stated, the variance should not be to the advantage of the offender, unless he was in some way thereby "prejudiced in his defense on the merits." Such effect was not suggested to the trial judge, and the exception was argued upon the sole ground that the court had no legal power to permit the amendment.

Second: as to the other exception. There is no evidence in the case which justified the claim of the defendant that the promise was conditional. That referred to by the appellant consists of an affidavit made by the complainant on the 11th of August, 1884, before a magistrate, and was introduced by the defendant. It could only bear upon the credibility of the witness, as showing conflicting statements, and was no doubt used for that purpose. It was admissible for no other.

The complainant's evidence proved an express and unconditional promise; the defendant denied that a promise of any kind was made. No other issue was presented, and that was in the fairest manner submitted to the jury. The charge of the judge, therefore, to which exception was taken, was a mere "impertinence, or an abstract opinion out of the case," induced by the defendant's assertion, but founded upon no evidence which could in any reasonable view work prejudice

to the prisoner. It is, therefore, even if technically erroneous, no ground for a new trial. *Gardner* v. *Picket*, 19 Wend. 186; Code Crim. Proc. § 542.

But as the question is not properly in the case, we express no opinion in regard to its merits. The evidence as to every element of the crime charged was abundant, both in chief and in corroboration; and while many exceptions were noted during the trial, we find none which affect any substantial right of the defendant.

The judgment should be affirmed.

All concur.

NOTE.—The seduction of a female of previously chaste character by conditional promise of marriage in the event of her becoming pregnant, is seduction under promise of marriage. *Hustis* v. *People*, 2 N. Y. Crim. Rep. 448; *People* v. *De Fore*, (Mich.) 31 N. W. Rep. 585; 7 West. Rep. 886. (This point was left undecided by the important case of *Armstrong* v. *People*, 70 N. Y. 38.)

Where the evidence shows that the seduction of a female of good reputation for chastity, under the age of twenty-one, was procured by the defendant "teasing her for it," and by "insinuating arts, wiles and persuasions on the part of the seducer to overcome the seduced without force," and under promise of marriage, it is seduction, within the (Indiana) statute. *Phillips* v. *State*, 108 Ind. 406.

In a prosecution for seduction under a promise of marriage, it is not required that the corroborating circumstances should be equal at least to a second witness, but they must at least be strongly corroborative. Any material circumstance proved by other witnesses in corroboration of the prosecuting witness will be sufficient. *State* v. *Hill*, (Mo.) 4 S. W. Rep. 121; 8 West. Rep. 721. Evidence that the defendant had been waiting on the prosecuting witness three or four years, and he and another young man had an oyster-supper at the house of her parents, and one evening of the month following, when the seduction is alleged to have taken place, he and the witness were in the kitchen after the parents had retired, and defendant was at the house one or two evenings previous to these occasions as her suitor. *Held,* sufficient to corroborate her testimony, that on that evening he had promised to marry her. *Id.*

The testimony of two witnesses to two different conversations in which defendant said he had had sexual intercourse with the prosecuting witness, while of no value as tending to show a promise of marriage, is of great value as to show an illicit connection, and of some value as tending to show that the intercourse was brought about by the deceptive practices of the defendant. *Id.*

As to corroboration, see *Armstrong* v. *People*, 70 N. Y. 38, already cited.