LEMON MACKGUIRE v. STATE OF MISSISSIPPI.

[44 South., 802.]

1. CRIMINAL LAW AND PROCEDURE. *Forgery. Indictment. Extrinsic facts.*

An indictment for forgery, without charging extrinsic facts, can be predicated of a writing, purporting to be duly signed, directed to the agent of a common carrier reading " Let this boy have my jug."

2. SAME. *Intent to defraud.*

An indictment for forgery is not demurrable for failure to charge that the intent to defraud was felonious.

3. SAME. *Amendment.*

An indictment for forgery charging an intent to defraud the party whose name is alleged to have been forged may by amendment be made to charge an intent to defraud the party addressed.

FROM the circuit court of Claiborne county.

HON. JOHN N. BUSH, Judge.

Mackguire, the appellant, a negro, was indicted and tried for forgery, was convicted and sentenced to the penitentiary for five years; and appealed to the supreme court.

Appellant was convicted of the forgery of a written order

directed to the American Express Company, which order was as follows:

"Mr. Express Agent, Please let this boy have my jug. [Signed] William Foster."

William Foster was a white man and testified for the state that he had never written and knew nothing of the order.

The indictment, as originally drawn, charged appellant with an attempt in forging the instrument to defraud William Foster. The appellant demurred to the indictment, on the following reasons:

(1) Because no offense in law is charged in the indictment.

(2) Because the indictment does not show an instrument in either count which on its face may be the subject of forgery, without alleging extrinsic facts which are not alleged in either count.

(3) Because said indictment does not charge in either count that the intent therein alleged was felonious.

(4) Because said instrument which is set forth in each count purports to be an order for the delivery of something, and neither count sets forth that the drawee was in possession of such thing at the time of the making or at the time of the uttering.

(5) Because the said instrument set forth in each of said counts is not of legal efficacy on its face, bears no date, and is too vague and uncertain, without the allegation of extrinsic facts not alleged in either count, to be the basis of forgery.

The court below overruled the demurrer. Before the jury were empaneled the district attorney asked leave of the court to amend the indictment in open court by striking out the name, "William Foster," as the party attempted to be defrauded and in lieu inserting the name, "American Express Company," in order to show that the order was written by appellant with intent to defraud the American Express Company. The amendment was, by permission of court, made over the objection of appellant. Appellant thereupon made applica-

tion for continuance on the ground of surprise, which was denied. When the state had rested its case the appellant moved for an acquittal because of an alleged variance between the allegations of the indictment and the proof, but the motion was overruled.

*R. B. Anderson,* for appellant.

Appellant's demurrer to the indictment should have been sustained. The indictment does not state such extrinsic facts as would make the forged order the basis for the charge of forgery, because the order is merely for the delivery of goods, and is signed, "William Foster," and does not state upon its face that the agent of the American Express Company had any jug either belonging to Foster, or which should have been delivered to Foster's order. Moreover, the order is vague, uncertain, without date, and does not state who " this boy " was.

The indictment should have alleged that the agent had in custody, subject to the order of Foster, a jug; and, further, that the indictment should have alleged who " this boy " was. 19 Cyc., 1405; *Russell* v. *State* (Fla.) 40 South., 625.

The indictment was fatally defective, because it failed to charge the intent to have been felonious, the intent being by universally acknowledged principles of law, an essential averment, and necessarily can be set out properly only by saying it was with felonious intent.

Under the circumstances, the court should have granted the continuance, after it allowed the district attorney to amend the indictment; appellant having promptly made application for continuance on the ground of surprise.

*Geo. Butler,* assistant attorney-general, for appellee.

In answer to appellant's contention, that the indictment is insufficient because of the failure to allege extrinsic facts, we submit, that the writing of the order is clearly one of which forgery is predicable. Code 1906, § 1137. The three essen-

tials are alleged, viz.: A writing in terms of apparent legal efficacy; a fraudulent intent in the mind of defendant, and a false making and uttering. Bishop's New Crim. Proc., 400.

The order quoted in the indictment is not so incomplete in form as to leave an uncertainty in law whether or not it is valid. It shows that both the maker and the addressee may be affected thereby; that both are connected with the property mentioned. The instrument is one that appears on its face to possess legal validity. *France* v. *State,* 83 Miss., 281, s.c. 35 South., 313. It was, therefore, not necessary to set out any extrinsic facts. Bishop's Directions & Forms, 470. Where the offense is a felony, the indictment must charge a felonious forgery, but not an intent to defraud. 2 Bishop's Crim. Proc., § 401.

The amendment of the indictment was allowable under Code 1906, § 1508, for there was no change in the identity of the offense. The indictment, as amended, charged appellant with the identical offense of which he was indicted by the grand jury. If an amendment was needed, it was proper, and could result in no surprise to appellant. *Knight* v. *State,* 64 Miss., 802; s.c. 2 South., 252; *Foster* v. *State,* 52 Miss., 695; *Rosenberger* v. *State,* 118 Pa. St., 77; *Oliver* v. *State,* 20 Mont., 318; 32 Cyc., 439, *et seq.*

There was no showing of surprise, and the court below did not abuse its discretion in refusing a continuance on account of the amendment. *Murrah* v. *State,* 51 Miss., 675; *Miller* v. *State,* 68 Miss., 221, s.c. 8 South., 273; *Knight* v. *State,* 64 Miss., 802, s.c. 2 South., 252; *Haywood* v. *State,* 47 Miss., 1.

WHITFIELD, C. J., delivered the opinion of the court.

The writing in this case is one of which, on its face, forgery could be predicated under our statute. It is, on its face, of apparent legal efficacy. *France* v. *State,* 83 Miss., 281, 35 South., 313. And for that reason it was unnecessary to state in the indictment any extrinsic facts. Bishop's Directions &

Forms, 470.    The cases cited by the learned counsel for the appellee (*State* v. *Leak,* 80 N. C., 403, and *Russell* v. *State* [Fla.], 40 South., 625), are not in point.    The North Carolina case was a plain case. of a simple order for the delivery of goods — of course, wholly unlike the one here.    It appears from the face of the order here that it was made upon the American Express Company, a common carrier, bound to deliver the property in its charge to the consignee named.    It further appears that the consignee was William Foster, and that the jug was his property —"my jug."    In *Russell* v. *State* (Fla.), 40 South., 625, " Mr. Crutch " was wholly unidentified.    It could not possibly be known that J. L. Crutchfield was intended by " Mr. Crutch," and hence the necessity for alleging extrinsic facts sufficient to identify " Mr. Crutch " as J. L. Crutchfield.

It was not necessary to allege the intent to defraud to have been felonious.    2 Bishop's Procedure, § 401.    The amendment was properly allowed.    The identity of the offense was in no wise changed, and the continuance was properly denied. There could have been no surprise.

*- Affirmed.*