WILLIAM SCOTT *v.* STATE OF MISSISSIPPI.

[44 South., 803.]

CRIMINAL LAW AND PROCEDURE. *Forgery. Evidence. Instructions.*

    A defendant who was induced, by one falsely claiming authority in the premises, to sign the name of a third person to an order for goods, and present the same to the addressee and demand the goods, is not guilty of forgery, if he honestly believed the person at whose instance he acted was authorized to write the order and obtain the goods.

FROM the circuit court of Claiborne county.

HON. JOHN N. BUSH, Judge.

William Scott, appellant, a negro, was indicted, tried and convicted of forgery, sentenced to the penitentiary for five years; and appealed to the supreme court.

The case is a companion one to the case of *Mackguire* v. *State,* Ante, 151. As in the *Mackguire case,* a demurrer was interposed to the indictment and overruled. The fourth and fifth refused instructions, referred to in the opinion of the court, are as follows:

" (4) The court further instructs the jury for defendant that if you believe from the evidence that the defendant thought, when he is alleged to have written the note or when said note was written, that Lemon Mackguire had one-half interest in the jug and had a right to have same delivered to him or his agent, and so stated to defendant, they shall acquit, if the jury believe the defendant thought Foster had authorized Mackguire to get the liquor and give the order in the evidence for the same.

" (5) The court further instructs the jury for the defendant that if you believe from the evidence that Lemon Mackguire told defendant that Lemon had an interest in said jug, and that he (Lemon) had authority from William Foster to sign the order, you shall acquit, even though the jury should believe from the

evidence that such statements so made by Lemon were untrue, provided you believe from the evidence that defendant believed such statements, you shall acquit."

*R. B. Anderson,* for appellant.

The instrument was a mere order for the delivery of the goods, and, of itself, is insufficient for any charge thereon to be based, unless explanatory facts are alleged. The indictment should have alleged that the express agent had custody of the jug, and that it was subject to Foster's order. *Russell* v. *State,* 40 South., 625.

The court below erred in refusing the fourth and fifth instructions asked by appellant. The fourth instruction is clearly correct. It would merely have placed before the jury the proposition that if defendant was authorized by Mackguire to write the order, and believed that Foster had given Mackguire the right to get the jug from the express office, defendant was not guilty.

The trial court's refusal of the fifth instruction asked by appellant, made conviction certain, as it utterly precluded appellant from his contention of innocence.

*Geo. Butler,* assistant attorney-general, for appellee.

This case is all respects similar to the case of *Mackguire* v. *State,* Ante, 151, 44 South., 802, except as to certain instructions. These instructions, asked by appellant, were properly refused. Conceding that Mackguire had authority to sign Foster's name to the written order, he had no power to delegate his authority to the appellant, Scott. There were facts sufficient to put a reasonably prudent man on inquiry, and appellant cannot plead his ignorance now as a defense.

WHITFIELD, C. J., delivered the opinion of the court.

So far as the overruling of the demurrer is concerned, and the making of the amendment, and the refusal of the continu-

ance, the opinion delivered in the case of *Mackguire* v. *State,* Ante, 151, 44 South., 802, controls.   The court committed no error in these respects; but, on the testimony in the case, the court clearly erred in refusing the fourth and fifth instructions asked by the appellant, and for these errors the judgment is reversed and the cause remanded.

