[Crim. No. 410.    First Appellate District.—December 12, 1912.]

## THE PEOPLE, Respondent, v. DAVID ANTHONY, Appellant.

CRIMINAL LAW—PLEADING—AMENDMENT OF INDICTMENT OR INFORMATION BY DISTRICT ATTORNEY—CONSTRUCTION OF PENAL CODE AS AMENDED.—The provisions prefixed to section 1008 of the Penal Code by the Statutes of 1911, p. 436, the first of which provides: "An indictment or information may be amended by the district attorney without leave of court at any time before the defendant pleads," must be construed together in their entirety, and so construed, such first provision, which is followed by a second as to amendments by leave of court, must be deemed limited by the closing provision: "An indictment cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination." Under these provisions, the district attorney has no power to amend an indictment or information in matters of substance.

ID.—SCOPE AND PURPOSE OF DISTRICT ATTORNEY'S POWER TO AMEND—FORMAL AMENDMENTS—QUESTION OF CONSTITUTIONALITY.—If section 1008 of the Penal Code purported to permit an indictment to be amended by the district attorney with respect to anything but its mere formal allegations, it would violate the provisions of section 8 of article I of the constitution, requiring that an indictment must be presented by the grand jury. It is evident that such section of the Penal Code contemplates and permits an amendment to an indictment or information by the district attorney only in so far as it relates to matters of form. A statute which permits an indictment to be amended as to mere matters of form, does not violate the constitutional rights of the defendant.

ID.—AMENDMENT OF INDICTMENT FOR COMMISSION OF LEWD ACT UPON CHILD—CHANGE IN DATE OF OFFENSE NOT PREJUDICIAL.—An amendment to an indictment for the commission of a lewd act upon a child, by merely changing the date in a specified month as to the commission of the offense, could not be prejudicial to the defendant. The precise date upon which the offense was committed was not a material ingredient of the offense charged; and it would have been sufficient if the indictment · had charged generally that the offense was committed at a time within the period of the statute of limitations prior to the finding of the indictment.

ID.—SUFFICIENCY OF INDICTMENT FOR LEWD ACT UPON FEMALE CHILD—GENERAL LANGUAGE LIMITED BY SPECIFIC ACT—PLACING HER HAND ON DEFENDANT'S PRIVATE PARTS—INTENT TO AROUSE HER PASSIONS. An indictment which charges generally that defendant did willfully, unlawfully, feloniously, and lewdly commit a certain lewd and lascivious act with and upon the body, limbs, and private parts of a female minor child named, then under the age of fourteen years, by the said defendant then and there placing her hand upon his private parts, with felonious intent then and thereby of arousing, appealing to and gratifying her sexual lusts and passions, though the charge is uncertain, its general allegations are so controlled and limited by the particular act charged, that it is not so ambiguous as to mislead the defendant or her counsel as to the particular act charged, and it states with reasonable certainty an offense against the law.

ID.—IMPROPER MOTION TO STRIKE OUT EVIDENCE—QUESTION NOT OBJECTED TO—RES GESTAE.—A motion cannot be allowed to strike out evidence where no objection was made to the question which elicited the testimony, nor where the evidence was unobjectionable, as being part of the *res gestae* of the offense.

ID.—LEADING QUESTIONS — DISCRETION—QUESTION NOT ANSWERED.—Leading questions are largely in the discretion of the trial court, and before error can be claimed or allowed for the asking of such questions, it must be shown that the trial court abused its dis-

cretion. It is held that no such abuse of discretion appears, and that the record does not show that the particular leading question objected to was answered by the witness.

ID.—INSTRUCTIONS—FULL CHARGE OF COURT UPON LAW OF THE CASE—ABSENCE OF REQUEST—REQUEST OF JURY.—Where the court fully and fairly charged the jury upon the law appertaining to the facts of the case, the failure of the court to instruct the jury upon any particular matters deemed essential by the defendant was not error in the absence of a request for such instructions. The request of the jury for further instruction as to what constituted the gist of the offense charged, was properly conveyed to them by a reading of the indictment; and their request as to evidence was answered by consent of counsel. The court was not required to instruct them any further.

ID.—SUPPORT OF VERDICT.—It is held that upon a careful review of the evidence appearing in the record, that the evidence fully supports the verdict, and that the defendant was justly convicted.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Wm. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

T. J. Crowley, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

LENNON, P. J.—In this case the defendant was indicted by the grand jury of the city and county of San Francisco for the commission of the felony defined in section 288 of the Penal Code, which provides that ''Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part II of this code, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not less than one year.''

Upon his trial defendant was convicted, and he appeals from the judgment and from an order denying him a new trial.

In the lower court the defendant interposed a demurrer to the indictment as it was originally returned by the grand jury, but before the demurrer could be heard and disposed of the district attorney, of his own motion, amended the indictment in minor matters of dates. This was done under the authority of a recent amendment to section 1008 of the Penal Code, [Stats. 1911, p. 436], which in part reads as follows: "An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. Such amendment may be made at any time thereafter, in the discretion of the court where it can be done without prejudice to the substantial rights of the defendant. An indictment cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination."

It is the defendant's contention that the code section just quoted is unconstitutional in this, that it does not limit the character or extent of the amendment which the district attorney is permitted to make to an indictment or an information. In support of this contention counsel for defendant cites to us only that portion of the code section which reads that "An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads." The code section, however, must be read and construed in its entirety; and when so read and construed it is manifest that the district attorney is not empowered thereby to amend an indictment or an information in matters of substance. If the code section under discussion purported to permit an amendment to anything but the mere formal allegations of an indictment we would have no hesitation in holding such a procedure unconstitutional. The constitution contemplates that an indictment shall be found and presented by a grand jury (Const., art. I, sec. 8); and to permit the district attorney to amend an indictment in matters of substance would in effect render the indictment no longer the finding of the grand jury. It is evident, however, that the code section in question contemplates and permits an amendment to an indictment or information by a district attorney only in so far as such amendment relates merely to matters affecting the formal parts of an indictment or in-

formation. That this is so is manifest from the language of the section itself, which plainly provides that an indictment cannot be amended by the district attorney "so as to change the offense charged."

It will thus be seen that the district attorney is not empowered to amend an indictment in any matter or thing which would affect the substantial rights of the defendant. Plainly the purpose of the code section is to expedite the administration of justice by rendering of no avail purely technical objections to inadvertent informalities; and it is well settled that a statute which permits an indictment to be amended as to mere matters of form is not violative of the constitutional rights of a defendant. (1 Bishop's New Criminal Procedure, sec. 97; *State* v. *Startup,* 39 N. J. L. 423; *State* v. *Hanks,* 39 La. Ann. 234, [1 South. 458]; *Mackguire* v. *State,* 91 Miss. 151, [44 South. 802]; *State* v. *Gibson,* 120 La. 343, [45 South. 271]; *Baker* v. *State,* 88 Wis. 140, [59 N. W. 570]; *People* v. *Johnson,* 104 N. Y. 213, [10 N. E. 690]; *State* v. *Schultz,* 135 Wis. 644, [114 N. W. 505, 116 N. W. 259, 571]; *State* v. *Minford,* 64 N. J. L. 518, [45 Atl. 817]; *Sharp* v. *State,* 6 Tex. App. 650.)

The only amendment which the district attorney made to the indictment in the present case consisted in changing the date upon which the offense was charged to have been committed from the thirtieth to the eleventh day of April, 1912. Such amendment did not change the character of the crime charged against the defendant, and in no aspect of the case could it have operated to the prejudice of the defendant. The precise date upon which the offense was committed was not in this instance a material ingredient of the offense charged; and it would have been sufficient if the indictment had charged generally that the crime was committed at a time within the period of the statute of limitations, which was prior to the finding of the indictment. (*People* v. *Littlefield,* 5 Cal. 355; *People* v. *Lafuente,* 6 Cal. 202; *People* v. *Sheldon,* 68 Cal. 434, [9 Pac. 457]; *People* v. *Rice,* 73 Cal. 220, [14 Pac. 851]; *People* v. *Williams,* 133 Cal. 165, [65 Pac. 323].)

We do not wish to be understood as saying that the allegations of an indictment or information as to the date upon which a crime is charged to have been committed may be in

every case omitted or amended without injury to the substantial rights of the defendant. Cases may be supposed where the date of an alleged offense might be a material ingredient of the crime charged; and of course in such cases to change the date of its alleged commission would be to change, in part at least, the character of the offense. Where, however, as here, the date designated in the indictment was not material to the offense charged its amendment cannot be said to affect the substantial rights of the defendant.

To the indictment as amended the defendant demurred upon the grounds (1) that the facts stated did not constitute a public offense; (2) that the indictment did not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code.

The information charges that the defendant, David Anthony, did ''willfully, unlawfully, feloniously and lewdly commit a certain lewd and lascivious act with and upon the body, limbs and private parts of one Agnes Richardson, a female minor child then and there under the age of fourteen years . . . by said David Anthony then and there placing the hand of her, the said Agnes Richardson, upon said David Anthony's private parts . . . with the felonious intent then and there and thereby of arousing, appealing to and gratifying the lust, passions and sexual desires . . . of her said Agnes Richardson.''

In support of the demurrer counsel for defendant contends that the indictment does not state facts sufficient to constitute the offense contemplated by section 288 of the Penal Code in this, that it affirmatively appears from the indictment that the act charged was a mere licentious act which was not committed upon the body of the child. It is further insisted that the charging part of the indictment is so contradictory and uncertain that it is impossible for a person of common understanding to know what particular act constitutes the offense charged against the defendant.

It may be conceded, as counsel for the defendant contends, that the indictment would have been faulty to the extent of being uncertain, as against a demurrer, if the charging part thereof had concluded solely with the allegation that the defendant did commit ''a certain lewd and lascivious act with and upon the body, limbs and private parts of one Agnes

Richardson,'' without specifying the particular act. The charging part of the indictment, however, did not stop there. It proceeded to and did with sufficient certainty and clearness limit the meaning and application of the preceding general and indefinite allegations, by specifically alleging and relying upon a particular act of the defendant to constitute the offense charged against him.

Section 288 of the Penal Code not only makes it a crime to commit any lewd or lascivious act ''upon or with the body . . . of a child under the age of fourteen years . . .;'' but that section also makes it a crime to ''commit any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child under the age of fourteen years.'' In short it is clear that said section makes it a crime to commit any lascivious act with any part of a child's body with the intent therein stated. Obviously the hand of a child is a ''part'' and a ''member'' of its body; and when the defendant committed the particular act of placing the child's hand upon his private parts, with the intent of arousing her passions, he violated the terms, and we think the spirit, of the law.

We confess that the language of the indictment might with advantage have been directed more specifically to the act charged against defendant, but we are satisfied that the indictment is not so ambiguous but that the defendant and his counsel might upon slight reflection apprehend with reasonable certainty that the only lascivious act charged against the defendant and upon which the people would rely for a conviction was the placing of ''the hand of the said Agnes Richardson upon the said David Anthony's private parts,'' with the intent alleged in the indictment.

Several rulings of the trial court in admitting evidence, and in denying defendant's motion to strike out certain evidence, are assigned as prejudicial error. Upon an examination of the record we are satisfied that none of the points made in this behalf are well taken.

The motion to strike out the testimony of the witness Meehan was not preceded by an objection to the question which elicited the testimony, and for this reason, if for no other, the motion to strike out was properly denied. Moreover, the testimony of this witness was not only competent,

but it was a relevant and material part of the *res gestae* of the offense, and could not therefore have been successfully objected to.

For the reasons just stated the defendant's motion to strike out parts of the testimony of the witness Agnes Richardson was also properly denied.

Complaint is made that the trial court permitted a leading question to be put to the witness McDermott over the objection of the defendant. Leading questions are largely in the discretion of the trial court; and before error can be claimed or allowed for the asking of such questions it must be shown that the trial court abused its discretion. No such showing is made here; and, furthermore, it does not appear from the record before us that the particular question complained of was answered by the witness.

The remaining rulings of the court complained of concern objections to questions which plainly called for evidence relating to the *res gestae,* and this being so, the objection in each instance was properly overruled.

After the jury had retired to deliberate upon their verdict they returned to the courtroom, and through their foreman stated that they desired "further instructions . . . a little information as to whether a verdict of guilty may be brought in only on the grounds that it was proven that he (defendant) directed the girl's hand on to his private parts, and therefore they would like the indictment read. . . ." Thereupon the indictment was read to the jury; and immediately thereafter the court of its own motion charged them that "The plea of not guilty . . . puts in issue the facts set up in the indictment which has just been read to you. In determining whether or not those acts thus described in the indictment have been established, it is proper to take into account all the evidence which has been introduced into the case. . . . Finally the jury must determine whether the facts alleged in the indictment have been proved to a moral certainty and beyond a reasonable doubt. What other question is there?" The foreman of the jury then stated that the jury were divided upon the question "as to whether it was the Atheas girl or the Richardson girl that testified in regard to her having her hand on his (defendant's) private parts." Thereupon counsel for the people and counsel for the de-

fendant agreed and admitted without reading the record to the jury that it was the Richardson girl who had so testified; whereupon the foreman of the jury said, ''I think that is all I care to know. Is there any question that some of you gentlemen would like to ask, if that don't clear it up?'' At this point in the proceedings counsel for the defendant requested the court ''to instruct the jury on one point upon which they asked instructions.'' The court in reply stated that it had ''already instructed the jury on every point on which they had asked light,'' and then ordered the jury to retire for further deliberation.

It is now contended that the trial court erred to the prejudice of the defendant in failing to instruct the jury ''that unless it was established beyond all reasonable doubt that the defendant guided the hand of the child as in the indictment alleged, then it was their duty to acquit.'' This contention is based upon the assumption that the jury requested to be instructed upon this particular point in the case. It is further contended that, aside from any request of the jury, and notwithstanding the fact that no instructions were requested upon behalf of the defendant, the trial court should have included such an instruction in its charge.

With reference to the latter contention it will suffice to say that the trial court fully and fairly charged the jury upon the law appertaining to the facts of the case, and therefore the failure of the court to instruct upon any particular matter deemed essential by the defendant was not error in the absence of a request for such an instruction. (*People* v. *Fice,* 97 Cal. 460, [32 Pac. 531]; *People* v. *Oliveria,* 127 Cal. 376, [59 Pac. 772]; *People v. Olsen,* 80 Cal. 122, [22 Pac. 125]; *People* v. *Arnold,* 116 Cal. 682, [48 Pac. 803].)

Upon a first and hasty reading of what occurred when the jury returned to the courtroom for further instructions the impression is gained that the jury were desirous of being instructed specifically upon the particular point now under discussion; but upon a second and more careful reading of all that was said and done upon the return of the jury it is evident that they were merely seeking information as to what constituted the gist of the offense charged, and at the same time were desirous of clearing up a disputed point in the evidence. The information which they sought as to the

gist of the offense was conveyed to them precisely as they requested by a reading of the indictment; and their doubt as to what certain witnesses had testified to was dissipated by the agreement of counsel. This was all that the jury asked for; and therefore it was all that the court was required to give them.

Finally it is contended on behalf of the defendant that the evidence does not support the verdict. We have carefully read the record; and we have no hesitation in saying that the evidence fully supports the verdict, and that the defendant was justly convicted.

The judgment and order appealed from are affirmed.

Hall, J., and Kerrigan, J., concurred.