Filed 11/7/13  P. v. Carlton CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C069612 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F06233) |
| v. | |
| JAMES DOMINIQUE CARLTON, | |
| Defendant and Appellant. | |

A jury convicted defendant James Dominique Carlton of numerous sexual offenses against three victims, sustaining an allegation that the existence of multiple victims qualified him for the alternative sentencing scheme under Penal Code section 667.61.[1]  Accordingly, the trial court sentenced defendant to seven consecutive indeterminate terms of 15 years to life in state prison with a consecutive indeterminate term of 25 years to life for a count involving a forcible offense, all of which was consecutive to a five-year determinate term for an attempted offense.  The court also imposed a concurrent one-year jail term for the misdemeanor conviction in count 10.

---

[1]  Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends the trial court violated his right to due process when it allowed the prosecutor to amend the information to conform to the dates proven at trial. He maintains that the misdemeanor offense in any event is time-barred, a point the People concede. He also maintains that the abstract of judgment for the determinate term lists the wrong attempted offense in count 3 (§ 288.7, subd. (b), rather than § 288, subd. (b)(1)), a point the People concede, and the indeterminate abstract of judgment includes a $600 fine for the "Serious Habitual Offender Program" that the trial court expressly declined to impose in its oral rendition of judgment, a point the People also concede and which the trial court has subsequently corrected in an amended abstract of judgment. We will modify the judgment by reversing count 10 with directions to dismiss it, and also direct the trial court to issue a corrected determinate abstract of judgment. As modified, we will affirm the judgment.

Defendant does not challenge the sufficiency of the evidence to support the judgment in any respect, and we do not need to determine prejudice from any error. We accordingly omit a separate recitation of the facts underlying defendant's convictions or the procedural background, and will incorporate the necessary details in the Discussion.

## DISCUSSION

### I. The Trial Court Properly Allowed Amendment of the Information at Trial to Conform to Proof

The second amended information initially alleged that count 9 took place between March 2004 and March 2005, and count 10 took place between March 2001 and March 2002. The victim testified that the incident in count 9 (defendant rubbing her menstrual pad) occurred when she was "11 or 12" during cold weather more than 18 months before her mother's death in February 2005, probably during the winter of 2003. Count 10 (defendant exposing his penis to her) occurred when she was 10 *or 9*; she had previously told the police that it had happened when she was 10.

2

In the midst of the victim's cross-examination, the prosecutor moved to amend the dates alleged in count 9 to between March 2002 (the victim's 11th birthday) and February 2005, and in count 10 to an initial date of March 2000. The trial court indicated it was inclined to grant a motion to conform to proof, but it agreed to delay its ruling until the victim finished testifying in case there were any further changes in her estimation of the dates. Defense counsel did not suggest his cross-examination would be impeded in any way. After the completion of the victim's testimony, the trial court returned to the proposed amendments. Defense counsel remarked, "if there was a way to object to it, I do. It's late in the game and the dates keep changing, and I think it's unfair and maybe prejudicial to [the] defense, but I understand the law." However, he did not identify any specific objection. The trial court found that defendant had not incurred any prejudice in his ability to cross-examine the witness, noting that "time frames are always fluid in these types of cases."

Section 1009 gives a trial court discretion to amend an information to correct any defect at any stage of the proceedings (so long as this does not result in charging an offense not reflected in the preliminary hearing), if a defendant would not be prejudiced as a result. (*People v. Graff* (2009) 170 Cal.App.4th 345, 361-362.) Where, as here, a defendant waived a preliminary hearing, an amendment cannot add offenses not reflected in the complaint. (*People v. Peyton* (2009) 176 Cal.App.4th 642, 654.) Defendant contends amending the date range to a time period other than that alleged in the pertinent pleading violates this restriction.

His authority is inapposite. In both cases, enlargement of the date range originally alleged allowed the prosecution to base a conviction on *additional acts* that were not within the original date range. (*People v. Dominguez* (2008) 166 Cal.App.4th 858, 866 [alternate act of vehicle theft/unauthorized use]; *People v. Kellin* (1962) 209 Cal.App.2d 574, 575-576 [additional stolen check].) Here, by contrast, the change in dates did not

3

alter the nature of the offense charged (*People v. Anthony* (1912) 20 Cal.App. 586, 590) nor enlarge the number of acts on which the count was based. The date is not a material element of the offense (*People v. Jones* (1990) 51 Cal.3d 294, 316), because alleging that an offense is committed on or about a date allows the prosecution of any act within the whole limitations period (4 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Pretrial Proceedings, § 192, p. 399; *Anthony*, at p. 590). Thus, it is not apparent there even was any need to amend the information. (See *People v. Sherman* (1962) 211 Cal.App.2d 419, 424.)

Defendant contends he nonetheless was prejudiced even if the amendment was permissible (even if he did not state any particular basis for a finding of prejudice in the trial court). He notes that the parties stipulated that he was in custody from August to November 2002, and from July 2003 to July 2004. That would be material, however, only if he had an alibi for the *entire* period originally alleged, which would be eviscerated by expanding the time range to periods not covered by his alibi. The expansion of the time period in count 9, by contrast, actually made his first period of custody relevant to the charge. As for count 10, neither period of custody was relevant either before or after the amendment. As we do not discern any prejudice, the trial court did not abuse its discretion in allowing the amendment of the information to conform to proof.

## II. The Misdemeanor Offense in Count 10 Is Time-barred

Count 10 alleged a violation of section 647.6, subdivision (a), misdemeanor "child annoyance," between March 2000 and March 2002. This offense has a one-year limitations period, which is extended to three years if the victim is under the age of 14. (*People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1309; § 802, subds. (a) & (b).) The amended complaint in which count 10 first appeared was not filed until March 2011. The People thus properly concede that we must reverse the conviction and direct the trial court to dismiss count 10.

4

## DISPOSITION

Count 10 is reversed with directions to dismiss it as time-barred.  As modified, the judgment is affirmed.  The trial court shall prepare an amended determinate abstract of judgment to reflect that the conviction in count 3 is for an attempted violation of section 288, subdivision (b)(1) and forward a certified copy to the Department of Corrections and Rehabilitation.


                                                    BUTZ                     , J.


We concur:


_____NICHOLSON_____, Acting P. J.


_____HULL_____, J.

5